IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TAMMY J. SMITH                                                                                    PLAINTIFF

v.                                           CIVIL NO. 22-cv-5158

KILOLO KIJAKAZI, Acting Commissioner                                    DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

      Plaintiff, Tammy J. Smith, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

      Plaintiff protectively filed her application for DIB on March 13, 2020. (Tr. 11). In her application, Plaintiff alleged disability beginning on March 22, 2019, due to osteoarthritis in her back, feet, and arms, and degenerative disc disease. (Tr. 11, 174). An administrative hearing was held on July 13, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 25–40). A vocational expert ("VE") also testified. *Id*.

      On October 7, 2021, the ALJ issued an unfavorable decision. (Tr. 11–20). The ALJ found that Plaintiff suffered from the following severe impairments: generalized osteoarthritis, degenerative disc disease and degenerative joint disease of the spine, mild scoliosis, right distal radius fracture with open reduction internal fixation, fracture of the fifth metacarpophalangeal bone of the left hand, and obesity. (Tr. 13–14). The ALJ found Plaintiff's impairments did not

meet or medically equal the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R § 404.4567(b) except that she could occasionally stoop and crouch. (Tr. 14–18). The ALJ found Plaintiff was unable to perform any of her past relevant work. (Tr. 18). With the assistance of the VE, the ALJ found Plaintiff could perform the representative occupations of deli cutter slicer, housekeeping cleaner, and office helper. (Tr. 19). The ALJ found Plaintiff was not disabled from March 22, 2019, through the date of this decision. (Tr. 20). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises only one issue on appeal: whether the ALJ erred in assessing Plaintiff's RFC by failing to properly evaluate the opinion of consultative examiner Veronica Dockery, PA-C and by providing flawed reasoning for rejecting PA-C Dockery's opined standing and walking limitations. (ECF No. 14). The Commissioner argues that substantial evidence supports the ALJ's RFC findings, and that the ALJ properly evaluated PA-C Dockery's opinion and provided clear reasons for finding portions of the opinion unpersuasive as they were inconsistent with her own examination findings and the record as a whole. (ECF No. 15).

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. While PA-C Dockery did opine that Plaintiff would have mild to moderate limitations in standing, lifting, carrying, handling and using her fingers this was inconsistent with her own physical examination. PA-C Dockery's examination showed normal range of motion and 100 percent grip strength in both hands, and that Plaintiff could hold a pen and write, touch fingertips to palms, oppose thumb to fingers, and pick up a coin. (Tr. 316–20). The ALJ properly evaluated PA-C Dockery's opinion and made an RFC determination that was based upon substantial evidence. For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 29th day of August 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE